AO 106 (Rev. 04/10) Application for a Search Warrant

UNDER SEAL

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

OCT 27

| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 1:17sw730 |
| INFORMATION ASSOCIATED WITH | ) |
| LOTHEFAMOUSAHK THAT IS STORED AT PREMISES | ) |
| CONTROLLED BY SNAPCHAT | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

located in the _____Central_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. §§ 841(a)(1), 846 | Conspiracy to distribute controlled substances |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of a drug trafficking crime |
| 18 U.S.C. § 922(g)(3) | Possession of a firearm by a prohibited person |

The application is based on these facts:
See attached Affidavit.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Michael A. Fernald, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    10/27/2017

City and state:  Alexandria, Virginia

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
*Judge's signature*

The Hon. John F. Anderson, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Place to Be Searched

This warrant applies to information associated with Snapchat user account "lothefamousahk" that is stored at premises owned, maintained, controlled, or operated by Snap Inc., a company headquartered at Snap Inc. Custodian of Records, 64 Market Street, Venice, California 90291.

# ATTACHMENT B

## Particular Things to Be Seized

I.     **Information to Be Disclosed by Snap Inc. (hereinafter the "Provider")**

1.     To the extent that information associated with Snapchat user account "lothefamousahk" (hereinafter the "Accounts") is within the possession, custody, or control of Provider, including any messages, records, files, logs, or information that have been deleted but are still available to the Provider or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on September 5, 2017, Provider is required to disclose the following information to the government from September 1, 2015 to the present:

a.     All records or information in the Accounts and maintained regarding the creation and use of the Accounts, including Basic Subscriber Information, Snapchat username, E-mail address, phone number, Snapchat Account Creation information, Timestamp and IP address logins and logouts, address books, contact lists, telephone numbers, Snaps, Stories, and Chats.

b.     The contents of all messages sent to and from the Accounts, including stored or preserved copies, drafts of messages, any deleted messages that are stored, the source and destination addresses associated with any messages, the date and time at which each message was sent, and the size and length of each message.

c.     All records or other information regarding the identification of the Accounts, to include full customer or subscriber name, customer or subscriber physical address, local and long distance connection records, telephone numbers, and other identifiers, records of session times and durations, the date on which the Accounts were created, the length of service, the IP address used to register the Accounts, log-in IP

addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number).

   d.  The types of service utilized.

   e.  All records pertaining to communications between Provider and any person regarding the Accounts, including contacts with support services and records of actions taken.

## II. Information to Be Seized by the Government

   2.  All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year), Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime), and Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess with the intent to distribute marijuana and other controlled substances), pertaining to the following matters:

   a.  All records or information in the Accounts and maintained regarding the creation and use of the Accounts, including Basic Subscriber Information, Snapchat username, E-mail address, phone number, Snapchat Account Creation information, Timestamp and IP address logins and logouts, address books, contact lists, telephone numbers, Snaps, Stories, and Chats.

   b.  Messages, communications, records, and files associated with or attached to email messages, and transactional data that constitutes evidence of, that may have been

used to facilitate, and that were capable of being used to commit or further violations of the above-reference code sections, and to create, access, or store evidence of such crimes.

      c.     Information relating to who created, used, and communicated with the Accounts, including records about their identities and whereabouts.

      d.     Information indicating how and when the Accounts were accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the account owner(s).

      e.     Evidence indicating the Accounts owner's and user's state of mind as it relates to the crimes under investigation.

      f.     All records, documents, invoices, or materials associated with the Accounts that concern accounts with an Internet service provider or a telephone service provider whose services may have been used in the commission of the above-reference code sections and crimes.

UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH LOTHEFAMOUSAHK THAT IS STORED AT PREMISES CONTROLLED BY SNAPCHAT | **UNDER SEAL**<br><br>Case No. 1:17sw 730 |
| --- | --- |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Michael A. Fernald, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.      I make this affidavit in support of an application for a search warrant for

information associated with Snapchat handle (or user account) **lothefamousahk** ("SUBJECT

ACCOUNT") stored at premises owned, maintained, controlled, or operated by Snap Inc

("Snapchat"), which operates a video messaging application by which users can take photos,

record videos, add text and drawings, and send them to a controlled list of recipients.  Snapchat

is headquartered in Venice, Los Angeles, California.  The information to be searched is

described in the following paragraphs and in Attachment A.  This affidavit is made in support of

an application for a search warrant under 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), to

require Snapchat to disclose to the government records and other information in its possession,

including the contents of communications, pertaining to the subscriber or customer associated

with the SUBJECT ACCOUNT.

2.      I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives since 2014.  I have experience investigating narcotics and firearms trafficking offenses.

3.      During my career, I have investigated and assisted in the investigation of narcotics and firearms traffickers.  I have previously participated in a variety of investigations, which resulted in the arrest and conviction of narcotics and firearms traffickers.  I have also become familiar with the methods and techniques associated with the distribution of narcotics and how drug trafficking organizations work.  During these investigations, I have analyzed phone and internet records and participated in the search and seizure of social media accounts.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year), Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime), and Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess with the intent to distribute marijuana and other controlled substances), have been committed by JORGE LOZADA, JR. ("LOZADA").  Further, there is probable cause to believe that LOZADA uses the SUBJECT ACCOUNT.  There is also probable cause to search the SUBJECT ACCOUNT for

2

information described in Attachment A for evidence of these crimes and items to be seized listed

in Attachment B.

## Probable Cause

A.  Background on the Investigation

6.  In July of 2016, ATF began investigating the activities of armed narcotics dealers

operating in and around Prince William County, Virginia, which is located within the Eastern

District of Virginia. ATF worked jointly with the Prince William County Police Department

("PWCPD"). To date, this investigation has resulted in the successful prosecution of a number

of individuals for narcotics and firearms related offenses.

B.  First search warrant for Jorge Lozada, Jr.'s Instagram account

7.  Based on information that I presented to this Court, the Honorable Theresa

Carroll Buchanan, Magistrate Judge for the Eastern District of Virginia, authorized the search of

LOZADA's Instagram account.

8.  This affidavit incorporates by reference my affidavit presented in support of the

first search warrant for LOZADA's Instagram account. (*See* Attachment C). In my affidavit, I

presented information establishing that there is probable cause to believe that LOZADA: (1) was

a member of conspiracy to distribute marijuana and cocaine; (2) possessed firearms despite being

prohibited to do because he has been convicted of a crime punishable by more than one year of

imprisonment; and (3) used his Instagram account in furtherance of his drug trafficking and to

post photographs and videos of himself in possession of firearms. This information included, but

was not limited to, law enforcement directed purchases of both marijuana and cocaine from

LOZADA.

3

9.      In the data returned from Facebook (owner of Instagram) there was information related to LOZADA selling marijuana, cocaine, and Xanax prescription pills.  Below, I summarize some of the more relevant posts on LOZADA's Instagram account.

10.     On March 1, 2017, LOZADA posted a photograph of "blue cookies" (marijuana) and reported he would sell an ounce for $200 and a half-ounce for $100.

11.     On March 23, 2017, LOZADA posted a photograph of "They goin fast" with multiple bottles of Promethazine with Codeine regularly referred to as "lean."  Promethazine with Codeine is a Schedule V controlled substance.

12.     On March 24, 2017, LOZADA posted the same picture of bottles of Promethazine with Codeine with "Who Need Em?"

13.     On May 4, 2017, LOZADA posted a photograph of "$170 a zip" while holding marijuana in his hand.

14.     On May 5, 2017, LOZADA posted a photograph of "180 a zip" again holding marijuana in his hand.

C.      Jorge Lozada, Jr.'s Continued Use of his Instagram Account

15.     During the course of this investigation, law enforcement used an undercover law enforcement Instagram account to monitor LOZADA's Instagram account.  In the following paragraphs, I detail some of the posts that law enforcement have observed on LOZADA's Instagram account since the first search warrant.  All the videos and posts detailed below were observed on the Instagram account.  I submit the fact that LOZADA uses his Instagram account to post videos and photographs advertising controlled substances establishes probable cause that LOZADA continued to distribute controlled substances.  Further, I submit these facts also

4

establish probable cause that LOZADA uses social media applications to further his drug trafficking business.

16.     On June 4, 2017, I observed a video of LOZADA holding a Glock pistol with a transparent magazine containing ammunition (consistent with a firearm seized by law enforcement on September 8, 2017).

17.     On July 31, 2017, I observed a video of LOZADA in which he is seen counting U.S. currency onto a bed with a black pistol also on the bed.

18.     On August 10, 2017, I observed a video in which there are bottles of promethazine with codeine and the caption, "I got 10 left Come get Em." The next portion of the video is a box containing over 20 bottles of the Schedule V controlled substance.

19.     On August 22, 2017, I observed a video of marijuana with a caption of "Gas back On Deck."

20.     On August 23, 2017, I observed a post on this account that identified the SUBJECT ACCOUNT on Snapchat. The photograph had the vanity of "Racked Up" and the account name of "lothefamousahk."

21.     On September 7, 2017, I observed a photograph stating, "Insha Allah We Bout to Turn Tf Up On Yal #DirtyReligion #Kutthroat" with U.S. currency spread out and a Glock pistol with a transparent magazine containing ammunition (consistent with the firearm seized by law enforcement on September 8, 2017).

D.     Search Warrant of Tyus Terrell's Snapchat Account

22.     On August 16, 2017, the Honorable John Anderson, Magistrate Judge for the Eastern District of Virginia, authorized a search warrant for Tyus Terrell's Snapchat account

(1:17sw509).  Upon reviewing the return from Snapchat, I observed that the SUBJECT ACCOUNT and Terrell's Snapchat account were in contact.  Below, I summarize some of the relevant communications.

23.   I know LOZADA to use the SUBJECT ACCOUNT because I observed via an undercover law enforcement account both videos and photographs of LOZADA posted to the SUBJECT ACCOUNT.  In addition, the account name is the same vanity as his known Instagram account.  As stated above, LOZADA also shared a photograph of his Snapchat profile on August 23, 2017 to his Instagram account.  The photograph shows both his Snapchat vanity name "Racked Up" and the account name "lothefamousahk."

24.   On April 8, 2017, LOZADA and Terrell discuss the sale of marijuana.  In this conversation, LOZADA informs Terrell that "Because you looked out for me the best I can do for the gelato 200 a zone all the way up and it's gasss."

25.   On April 10, 2017, LOZADA sent Terrell a photograph of plastic bags containing Percocet prescription pills, Xanax prescription pills, and ecstasy (MDMA) pills, with the caption, "Percs zans epills wat you want."

26.   On May 2, 2017, LOZADA sent Terrell a photograph of marijuana in his hand.

27.   On May 9, 2017, LOZADA sent Terrell a video of marijuana in his hand.

28.   On May 23, 2017, LOZADA and Terrell discussed a "Gun store by mall called quantified tactics."  I believe this is a reference to Quantico Tactical.

29.   I submit these private messages obtained pursuant to a search of Terrell's Snapchat account establish probable cause that LOZADA uses the SUBJECT ACCOUNT to further his drug trafficking business.

6

E.   Arrest of Jorge Lozada, Jr. on September 8, 2017

30.   On or about September 8, 2017, the United States Marshals Service located LOZADA at an address on Filarete Street in Woodbridge, Virginia, within the Eastern District of Virginia. LOZADA was wanted for a probation violation in the Commonwealth of Virginia.

31.   After observing LOZADA enter the address on Filarete Street, law enforcement entered the residence to execute LOZADA's arrest. Upon taking LOZADA into custody, law enforcement observed in plain view illegal contraband. This included, but was not limited to, a black plate containing a white powdery substance consistent with cocaine, a digital scale with a white powdery substance on it consistent with cocaine, Inositol powder (a common cutting agent for cocaine) and packaging materials. As a result, Prince William County Police Department personnel obtained a search warrant for the residence.

32.   In the bedroom where LOZADA was located by himself and arrested, law enforcement located and seized a Glock 9mm pistol, an extended transparent magazine loaded with ammunition, approximately 120 grams of a substance that field tested positive for the presence of cocaine, approximately 22 grams of suspected marijuana, and $1,718. The firearm, extended magazine, and ammunition were consistent with the firearm displayed on LOZADA's Instagram account (as discussed above).

33.   Law enforcement interviewed the tenant of the room, who reported they provided LOZADA with a key to the house on September 7, 2017, and permitted LOZADA to spend the night. The tenant denied having any illicit contraband in the room or having any information about where the controlled substances were located.

7

34.     Based upon my training and experience, I know the Glock pistol to be a firearm as that term is defined under Title 18, United States Code, Section 921(a)(3).

### Background on Snapchat

35.     Snapchat is a video messaging application by which users can take photos, record videos, add text and drawings, and send them to a controlled list of recipients, which was released as an Android app on October 29, 2012.  These sent photographs and videos are known as "Snaps."  Users may set a time limit for how long recipients can view their Snaps.  A user can also add the photo/video Snap to their "Story."  Depending on the user's privacy settings, the photos and videos added to a Story can be viewed by either all Snapchatters or just the user's friends for up to 24 hours.  Snapchat also has a messaging service.  A user can also type messages to friends within the Snapchat app using the Chat feature.  A user sends a Chat message to a friend, and once it is viewed by both parties — and both parties swipe away from the Chat screen — the message will be cleared.  Within the Snapchat app itself, a user can opt to save part of the Chat by tapping on the message (text or photo) that he or she wants to keep.

36.     Snapchat maintains basic subscriber information, including usernames, email addresses, phone numbers, account creation information, Internet Protocol addresses of account logins and logouts, logs of messages sent and received, including some metadata about the messages, and some message content.

37.     On September 5 2017, I sent a preservation letter pursuant to Title 18, United States Code Section 2703(f) for all stored communications to Snapchat for the SUBJECT ACCOUNT.  I have reviewed the Snapchat guide for law enforcement, and know that Snapchat retains logs of messages sent and received, and they will provide the meta-data about the

8

message pursuant to a search warrant. I also know that, according to Snapchat, "In certain limited circumstances it may be possible for us to retrieve the content of sent Snaps. The reason we often will not be able to retrieve Snap content is that we delete each Snap from our servers once all recipients have viewed it. And even when a Snap remains unopened, it will be deleted 30 days after it was sent." I know that Snapchat honors requests from law enforcement to preserve information in accordance with 18 U.S.C. § 2703(f). Upon receiving a preservation request on law enforcement department letterhead, Snapchat will preserve available account information associated with the username listed in the request in an offline file for up to 90 days and will extend the preservation for one additional 90-day period on a renewed request.

38.     Based on the information above, the computers of Snapchat are likely to contain all the material described above with respect to the SUBJECT ACCOUNT, including stored electronic communications and information concerning subscribers and their use of Snapchat, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

## **Information To Be Searched And Things To Be Seized**

39.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular Title 18, United States Code, Sections 2703(a), (b)(1)(A), and (c)(1)(A), by using the warrant to require Snapchat to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B,

9

government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## Conclusion

40.    Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of violations, or attempted violations, of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year), Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime), and Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess with the intent to distribute marijuana and other controlled substances), may be located in the SUBJECT ACCOUNT described in Attachment A.

41.    This Court has jurisdiction to issue the requested warrant to Snapchat because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A).  Specifically, the Court is a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

42.    Based on the forgoing, I request that the Court issue the proposed search warrant.

10

43.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  Because the warrant will be served on Snapchat, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.


Respectfully submitted,

Michael A. Fernald
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

SUBSCRIBED and SWORN to before me on OCTOBER 27, 2017.

_____/s/_____

John F. Anderson
United States Magistrate Judge

The Honorable John F. Anderson
United States Magistrate Judge


11

# ATTACHMENT A

## Place to Be Searched

This warrant applies to information associated with Snapchat user account "lothefamousahk" that is stored at premises owned, maintained, controlled, or operated by Snap Inc., a company headquartered at Snap Inc. Custodian of Records, 64 Market Street, Venice, California 90291.

**ATTACHMENT B**

**Particular Things to Be Seized**

I.     **Information to Be Disclosed by Snap Inc. (hereinafter the "Provider")**

1.     To the extent that information associated with Snapchat user account

"lothefamousahk" (hereinafter the "Accounts") is within the possession, custody, or control of

Provider, including any messages, records, files, logs, or information that have been deleted but

are still available to the Provider or have been preserved pursuant to a request made under 18

U.S.C. § 2703(f) on September 5, 2017, Provider is required to disclose the following

information to the government from September 1, 2015 to the present:

   a.     All records or information in the Accounts and maintained regarding the

creation and use of the Accounts, including Basic Subscriber Information, Snapchat

username, E-mail address, phone number, Snapchat Account Creation information,

Timestamp and IP address logins and logouts, address books, contact lists, telephone

numbers, Snaps, Stories, and Chats.

   b.     The contents of all messages sent to and from the Accounts, including

stored or preserved copies, drafts of messages, any deleted messages that are stored, the

source and destination addresses associated with any messages, the date and time at

which each message was sent, and the size and length of each message.

   c.     All records or other information regarding the identification of the

Accounts, to include full customer or subscriber name, customer or subscriber physical

address, local and long distance connection records, telephone numbers, and other

identifiers, records of session times and durations, the date on which the Accounts were

created, the length of service, the IP address used to register the Accounts, log-in IP

addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number).

    d.    The types of service utilized.

    e.    All records pertaining to communications between Provider and any person regarding the Accounts, including contacts with support services and records of actions taken.

## II.    Information to Be Seized by the Government

    2.    All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year), Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime), and Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess with the intent to distribute marijuana and other controlled substances), pertaining to the following matters:

    a.    All records or information in the Accounts and maintained regarding the creation and use of the Accounts, including Basic Subscriber Information, Snapchat username, E-mail address, phone number, Snapchat Account Creation information, Timestamp and IP address logins and logouts, address books, contact lists, telephone numbers, Snaps, Stories, and Chats.

    b.    Messages, communications, records, and files associated with or attached to email messages, and transactional data that constitutes evidence of, that may have been

2

used to facilitate, and that were capable of being used to commit or further violations of the above-reference code sections, and to create, access, or store evidence of such crimes.

    c.     Information relating to who created, used, and communicated with the Accounts, including records about their identities and whereabouts.

    d.     Information indicating how and when the Accounts were accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the account owner(s).

    e.     Evidence indicating the Accounts owner's and user's state of mind as it relates to the crimes under investigation.

f.    All records, documents, invoices, or materials associated with the Accounts that concern accounts with an Internet service provider or a telephone service provider whose services may have been used in the commission of the above-reference code sections and crimes.

**ATTACHMENT C**

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA         MAY 2 2 2017

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH LOTHEFAMOUSAHK THAT IS STORED AT PREMISES CONTROLLED BY INSTAGRAM | **UNDER SEAL**<br><br>Case No. 1:17sw 272 |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Michael Fernald, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and

Explosives ("ATF"), being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.      I make this affidavit in support of an application for a search warrant for

information associated with LOTHEFAMOUSAHK (the "SUBJECT ACCOUNT") that is stored

at premises owned, maintained, controlled, or operated by Instagram, LLC, ("Instagram") a

social-networking company owned by Facebook, Inc. and headquartered in San Francisco,

California. The information to be searched is described in the following paragraphs and in

Attachment A. This affidavit is made in support of an application for a search warrant under 18

U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), to require Instagram to disclose to the government

records and other information in its possession, including the contents of communications,

pertaining to the subscriber or customer associated with the SUBJECT ACCOUNT.

2.      I have been a Special Agent with ATF since 2014. I have experience

investigating narcotics and firearms trafficking offenses.

3.      As an ATF Special Agent, I have investigated and assisted in the investigation of narcotics and firearms traffickers. I have previously participated in a variety of investigations, which resulted in the arrest and conviction of narcotics and firearms traffickers. I have also become familiar with the methods and techniques associated with the distribution of narcotics and how drug trafficking organizations work. During these investigations, I have analyzed phone and internet records and participated in the search and seizure of social media accounts.

4.      ATF is working with local law enforcement agencies. These local law enforcement agencies have law enforcement Instagram accounts. The accounts are created under false identities and use false images. For the information described below, law enforcement used a law enforcement Instagram account to request permission from both ANTHONY and JORGE LOZADA to "follow" their Instagram feeds. Both ANTHONY and JORGE LOZADA granted this permission. Law enforcement are therefore able to view the information ANTHONY and JORGE LOZADA post to their Instagram feeds.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

6.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year), Title 18, United States Code, Section 924(c) (use and carry of a firearm during and in relation to a drug trafficking crime), and Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess

2

with the intent to distribute marijuana and other controlled substances). There is also probable cause to search the SUBJECT ACCOUNT for information described in Attachment A for evidence of these crimes and items to be seized listed in Attachment B.

7.     On May 3, 2017, law enforcement obtained a search warrant for ANTHONY LOZADA's two Instagram accounts from the Honorable Ivan D. Davis (1:17sw227; 1:17sw228).

## Probable Cause

8.     In July of 2016, ATF began investigating the activities of armed narcotics dealers operating in and around Prince William County, Virginia, which is located within the Eastern District of Virginia. To date, this investigation has resulted in the successful prosecution of a number of individuals for narcotics and firearms related offenses.

A.     <u>Anthony Lozada Aiding and Abetting the Providing of False Statements During the Purchase of Firearms</u>

9.     On January 6, 2017, an individual ("CI-1") reported six (6) firearms stolen. CI-1 reported purchasing the firearms at All Shooters Tactical, which is a federal firearms licensee located in Woodbridge, Virginia, on December 28, 2016. After reviewing surveillance footage of the sale, law enforcement observed ANTHONY LOZADA, the brother of JORGE LOZADA, providing U.S. currency to CI-1 just prior to CI-1 purchasing the firearms. Based on experience in investigating firearms offenses, I know this behavior to be consistent with the straw purchase of firearms.

10.     As a result, law enforcement officers confronted CI-1, who initially denied purchasing the firearms for another person, but then confessed he purchased the firearms for ANTHONY LOZADA. CI-1 further stated he purchased the firearms with U.S. currency that ANTHONY LOZADA provided to him. ANTHONY LOZADA is a juvenile and therefore

cannot purchase firearms from federal firearms licensees. When pressed by law enforcement, CI-1 further admitted that he purchased marijuana from ANTHONY LOZADA in the past. CI-1 consented to a law enforcement search of his phone, which revealed that CI-1 had been purchasing marijuana from ANTHONY LOZADA on almost a daily basis.

11.    A review of posted information on the SUBJECT ACCOUNT revealed multiple photographs of firearms that appear to be firearms that CI-1 purchased for ANTHONY LOZADA.

B.    Purchase of Cocaine from Jorge Lozada and the Use of the Subject Account

12.    On March 22, 2017, ATF coordinated the purchase of cocaine from JORGE LOZADA. Prior to the transaction, ANTHONY LOZADA went live from his Instagram account and one of the accounts viewing this live feed was the SUBJECT ACCOUNT. During the live feed, ANTHONY LOZADA is observed smoking a marijuana blunt and weighing marijuana on a digital scale. While weighing the marijuana, ANTHONY LOZADA asks someone where the joint is located. Shortly thereafter, ANTHONY LOZADA is handed a black pistol with a laser beam and a high-capacity transparent magazine loaded with ammunition. In the live feed, ANTHONY LOZADA placed the firearm in his lap next to the digital scale while continuing to weigh marijuana. After this feed, JORGE LOZADA sold over thirty (30) grams of a substance that field tested positive for cocaine and was observed leaving from the same apartment ANTHONY LOZADA is known to reside in.

C.    Posts on the Subject Account

13.    JORGE LOZADA is a convicted felon. On January 14, 2016, he was convicted in the Commonwealth of Virginia for Unlawfully Shooting or Throwing Missiles at an Occupied Building. He was also convicted on December 15, 2016 for a Probation Violation. Because both

4

convictions have a maximum punishment that exceeds one year, JORGE LOZADA is prohibited from possessing firearms and ammunition.

14.    Posts on the SUBJECT ACCOUNT appear to begin on September 4, 2013. The first observed post involving controlled substances is on January 26, 2015. It appears to be a photograph of JORGE LOZADA holding a marijuana cigar (commonly referred to as a "blunt").

15.    On February 7, 2015, a post of a photograph of JORGE LOZADA smoking marijuana appears on the SUBJECT ACCOUNT.

16.    On March 11, 2015, a post with a screenshot from Facebook stating, "Yal Niggas Funny As Shit Postin Your Lil Ounce Of Weed And Lil Stack Of Money Under $600 Talkin Bout You Getting Money" appears on the SUBJECT ACCOUNT.

17.    On January 18, 2017, a post with a rap video in which JORGE LOZADA is wearing a ballistic vest and several other individuals are waving firearms appears on the SUBJECT ACCOUNT.

18.    On February 7, 2017, a post of a photograph of ANTHONY LOZADA holding a handgun in each hand with an AK-style rifle on the counter (these firearms appear to be the firearms CI-1 purchased) appears on the SUBJECT ACCOUNT.

19.    On March 27, 2017, a post with a video of two boxes filled with Promethazine/Codeine syrup (commonly referred to as "lean"), a Schedule V controlled substance, and a statement of "Come shop" appears on the SUBJECT ACCOUNT.

20.    On April 20, 2017, a post of a video of JORGE LOZADA stating, "Come get your 420 bags" while filming a plastic bag containing marijuana and multiple bottles of Promethazine/Codeine syrup.

21.    On May 13, 2017, a post of a video of JORGE LOZADA with U.S. currency in his lap, a black pistol with an extended transparent magazine, which is consistent with the firearm that appears in a video on ANTHONY LOZADA's Instagram account, and a shoebox with a bag containing a white substance consistent with cocaine appears on the SUBJECT ACCOUNT.

22.    On May 14, 2017, a post of a video of JORGE LOZADA pointing a pistol appears on the SUBJECT ACCOUNT.

23.    On May 15, 2017, a post of a video in which JORGE LOZADA's is waving a black pistol with a high-capacity drum magazine attached appears on the SUBJECT ACCOUNT.

24.    In addition to the above information, ATF has coordinated multiple controlled purchases of cocaine with JORGE LOZADA.  Since March 22, 2017, ATF has purchased approximately 91 grams of suspected cocaine in three separate transactions with JORGE LOZADA.  These transactions were audio and/or video recorded.

25.    Based on this information, I believe there is probable cause to support that the SUBJECT ACCOUNT has evidence of JORGE LOZADA possessing controlled substances with the intent to distribute, being a felon in possession of a firearm, and using and carrying a firearm during and relation to a drug trafficking crime.

## Background on Instagram

26.    From my review of publicly available information provided by Instagram about its service, including Instagram's "Privacy Policy," I am aware of the following about Instagram and about the information collected and retained by Instagram.

27.    Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com.  Instagram allows its users to create

6

their own profile pages, which can include a short biography, a photo of themselves, and other information. Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

28.     Instagram permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter. When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information. A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos. In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram. Users can also "like" photos.

29.     Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password. This information is collected and maintained by Instagram.

30.     Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram. Once an account is created, users may also adjust various privacy and account settings for the account on Instagram. Instagram collects and maintains this information.

31.     Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public.  Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles.  Instagram collects and maintains this information.

32.     Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user.  Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

33.     Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials.  Instagram collects and maintains user content that users post to Instagram or share through Instagram.

34.     Instagram users may send photos and videos to select individuals or groups via Instagram Direct.  Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

35.     Users on Instagram may also search Instagram for other users or particular types of photos or other content.

36.     For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app.  Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

37.     Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram.  For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

38.     Instagram also collects information on the particular devices used to access Instagram.  In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

39.     Instagram also collects other data associated with user content.  For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

40.     Instagram also may communicate with the user, by email or otherwise.  Instagram collects and maintains copies of communications between Instagram and the user.

41.     On December 13, 2016, and again on April 2, 2017, law enforcement served Instagram with a preservation request pursuant to 18 U.S.C. § 2703(f), requiring Instagram to preserve all information associated with the SUBJECT ACCOUNT.

42.     As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data

retained by Instagram, can indicate who has used or controlled the Instagram account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time. Further, Instagram account activity can show how and when the account was accessed or used. For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, Instagram builds geo-location into some of its services. Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other. This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation. For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

43.   Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the SUBJECT ACCOUNT, including stored

10

electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

## Information To Be Searched And Things To Be Seized

44.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular Title 18, United States Code, Sections 2703(a), (b)(1)(A), and (c)(1)(A), by using the warrant to require Instagram to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## Conclusion

45.    Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of violations, or attempted violations, of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year), Title 18, United States Code, Section 924(c) (use and carry of a firearm during and in relation to a drug trafficking crime), and Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess with the intent to distribute marijuana and other controlled substances), may be located in the SUBJECT ACCOUNT described in Attachment A.

11

46. This Court has jurisdiction to issue the requested warrant to Instagram because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A). Specifically, the Court is a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

47. Based on the forgoing, I request that the Court issue the proposed search warrant.

48. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Because the warrant will be served on Instagram, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Michael A. Fernald
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

SUBSCRIBED and SWORN to before me on ____May 22____, 2017.

/s/

Theresa Carroll Buchanan
United States Magistrate Judge

The Hon. Theresa Carroll Buchanan
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Instagram profile with username:

LOTHEFAMOUSAHK, which is stored at premises owned, maintained, controlled, or operated

by Instagram, LLC, a company that is owned by Facebook, Inc. and headquartered in Menlo

Park, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Instagram, LLC**

To the extent that the information described in Attachment A is within the possession,

custody, or control of Instagram, LLC, including any messages, records, files, logs, or

information that have been deleted but are still available to Instagram, LLC, or have been

preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram, LLC is required to

disclose the following information to the government for each account listed in Attachment A:

a. All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b. All past and current usernames associated with the account;

c. The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d. All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e. All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f. All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g. All communications or other messages sent or received by the account;

h. All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content;

i. All photographs and images in the user gallery for the account;

j. All location data associated with the account, including geotags;

k. All data and information that has been deleted by the user;

l.   A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m.   A list of all users that the account has "unfollowed" or blocked;

n.   All privacy and account settings;

o.   All records of Instagram searches performed by the account, including all past searches saved by the account;

p.   All information about connections between the account and third-party websites and applications; and,

q.   All records pertaining to communications between Instagram, LLC and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account.

## II.   Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year), Title 18, United States Code, Section 924(c) (use and carry of a firearm during and in relation to a drug trafficking crime), and Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to distribute and possess with the intent to distribute marijuana and other controlled substances), involving JORGE LOZADA, including, for the usernames identified on Attachment A, information pertaining to the following matters:

(a) The possession and/or sale of controlled substances;

(b) The possession of firearms and ammunition;

(c) Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

3

(d) Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

(e) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(f) The identity of the **following persons,** who communicated with the user ID about matters relating to drug distribution and the purchase and/or sale of firearms, including records that help reveal their whereabouts:

- _snowbunny_
- dmvlotto
- oso_arrogantgogo
- j_anythinggoez_1
- _ayeetrevytrev
- Moneybagkhal
- Hunchoheem
- Smg_pdcrack24
- Smg_captain
- Pinkkkkittyy
- Acedakid_amg
- Kutthroatantt
- Stackboyant
- Bigsuavee__
- Doenwoogang

- 258moneygang

- Dewbetterquay

- Foyyoungestboyy

- _ericcstaaygassed)

- Ggnero2x

- Trapntoescape

- Kaaygotdajuicee

- Sapo_gz

- Nizzyotto

- Nizzy_otto

- Shamonieee

- Gloman_niz

- Thatman_derek.

5